AMERICAN FIDELITY AND CASUALTY COMPANÝ, PROSE-
CUTOR, v. STATE BOARD OF EDUCATION ET AL., DE-
FENDANTS.

Submitted October 1, 1940—Decided February 27, 1941.

Before Justices CASE, DONGES and HEHER.

For the prosecutor, *Charles A. Rooney.*

For the defendants, no appearance.

The opinion of the court was delivered by

DONGES, J.   This *certiorari* brings up for review a decision of the State Board of Education, dated April 13th, 1940, on appeal by prosecutor to that board, remanding the record to the Commissioner of Education with instructions to dismiss prosecutor's complaint.   There is no appearance for any of the defendants.

One Thomas A. Romano entered into a pupil transportation contract with the Board of Education of the Township of Bridgewater, in the County of Somerset, to run from July 1st, 1938, to June 30th, 1939, and deposited with said board a policy of liability insurance issued by prosecutor.   No question was then raised as to the acceptance thereof.   On May 8th, 1939, and prior to the expiration of said transportation contract, the board of education passed a resolution that

"the bus contractors take their insurance policy with a company having an A plus rating with the Best Insurance Guide and the limits are to be $10,000 and $40,000 instead of $5,000 and $40,000."

The record discloses that, on or about June 10th, 1939, Romano and the Board of Education entered into an agreement extending the 1938 contract for the school year beginning July 1st, 1939. This agreement contained this provision: "Insurance to be carried with a company having an 'A plus' rating according to Best's Insurance Guide." Romano filed a policy of liability insurance of prosecutor in the amount required by the resolution and extension agreement, and, by letter, dated June 29th, 1939, was advised that the policy was being returned to him because prosecutor's rating in Best's Insurance Guide was B plus and requesting that a policy be furnished of an insurer with an A or A plus rating in said Guide. The record does not discover the subsequent steps, if any, of Romano to comply with the board's requirement. Nor does he appear to have protested or appealed the board's action.

Prosecutor thereupon appealed to the Commissioner of Education to have the board's resolution set aside and an order requiring the board to accept its policy of insurance. The commissioner dismissed the petition of appeal upon the ground that prosecutor was "without legal status to prosecute its alleged grievance before" him. On appeal, the State Board held the prosecutor had a status to prosecute its appeal before the commissioner and that there was such a controversy as invoked the jurisdiction of the commissioner and of the State Board.

We do not deem it necessary to pass upon this question, but will consider the merits of the case.

The State Board properly held that *R. S.* 18:6-19, which empowers district boards to adopt rules and regulations "not inconsistent with the rules and regulations of the State Board," did not prevent local boards from requiring more in the way of security than was imposed by the State Board regulation. Transportation rule 16 of the State Board requires that all contractors shall file policies of liability

insurance of companies authorized to issue such policies in this state. But, as stated, there was no statutory inhibition to requiring more than the rule of the State Board required. That was the minimum requirement. Local boards might require more, but not less.

The State Board, in its decision, says, "The appellant contends also that it was arbitrary and unreasonable for the board to specify the rating of Best's Guide in its resolution. Its counsel asserts that by its action the board delegated its power and authority to the Guide. We see no such delegation. The board designated the rating published in Best's Guide to be the standard of financial responsibility it would require of corporations furnishing contracts of insurance in connection with the transportation of its pupils. It was admitted at the argument that the ratings of the Best Guide are among those recognized as reliable in insurance circles and are generally accepted in determining the financial standing of liability insurance companies. It seems to us that under these circumstances the board's action here complained of was reasonable and prudent rather than arbitrary and unreasonable. As far as the record discloses, it was a proper and legitimate business precaution."

With this conclusion, we agree. We do not agree with the argument advanced by prosecutor, that a refusal to accept a policy of any insurance company authorized by the Commissioner of Banking and Insurance to do business in this state is illegal and confiscatory. In the public interest a public body may make reasonable requirements as to the financial standing of an insurer. Nowhere in this case is it claimed that prosecutor has such financial standing as will meet the requirements laid down by Best's Guide for an "A" or "A plus" rating. If it met this requirement, perhaps another situation would be presented. But, admittedly, it does not, as appears in its petition of appeal to the commissioner, wherein it says: "Appellant does not appear in the Insurance Guide referred to in the resolution with an A or A plus rating." Nor does it appear that the requirement adopted as standard by the local board is unreasonable or beyond the reasonable requirements of business precaution.

We conclude that it was within the competence of the local board to adopt a standard in excess of that required by the State Board, and that it does not appear in this record that the standard adopted is not reasonable and, therefore, legal.

The writ is discharged, with costs.